IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHANSEN, individually and as the representative of a class of similarly- situated persons, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:12-CV-07159 |
| v. | ) ) | Hon. Marvin E. Aspen |
| VIVINT, INC., a Utah corporation, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

Plaintiff, CHRISTOPHER JOHANSEN, responds in opposition to Defendant VIVINT, INC.'s motion to dismiss pursuant to F.R.C.P. 12(b)(6) ("Motion") and states as follows:

**INTRODUCTION**

On August 9, 2012, Plaintiff filed its one count class action complaint alleging Defendant's violation of the Telephone Consumer Protection Act, 47 USC § 227 ("TCPA"). Paragraph 11 of the Complaint (emphasis added) states as follows:

> On or about **May 9, 2011** and **October 24, 2011**, Defendant, **using an automatic telephone dialing system**, called Plaintiff's cellular telephone number and delivered **pre-recorded voice messages** without obtaining Plaintiff's prior express permission to do so. On information and belief, **Defendant made additional [calls] using an automatic telephone dialing system**, called Plaintiff's cellular telephone number and delivered a pre-recorded voice message without obtaining Plaintiff's prior express permission to do so.

On September 7, 2012, Defendant filed a Notice of Removal bringing this case to this Court. (D.E. 1). Defendant argued removal based upon federal question jurisdiction of the TCPA, and the U.S. Supreme Court's analysis of 65 TCPA class actions in *Mims v. Arrow Financial Services, LLC,* 132 S.Ct. 740 (2012). In the Notice of Removal Defendant stated:

> Plaintiff alleges that Defendant called Plaintiff's cellular telephone number on May 9, 2011 and October 24, 2011, using an **automated telephone dialing system** and **delivered pre-recorded voice messages** without obtaining Plaintiff's prior express permission to do so.

(D.E. 1, par. 4)(emphasis added.) Defendant's Notice of Removal clearly reflected Defendant's awareness of TCPA issues as well as the type of mechanism Plaintiff alleged Defendant used to send the "pre-recorded voice messages" which was "an automated telephone dialing system."

Now, to support its Motion to Dismiss Defendant claims:

> it is important that Vivint know what it is being asked to defend against. **If it is merely the use of an artificial or pre-recorded voice**, this case may be much more limited in scope than if Vivint must also defend against a claim that it purportedly uses an ATDS. This issue could impact the scope and cost of discovery and possibly the extent of potential liability.

(Motion pg. 6)(emphasis added.) This statement shows Defendant bolstering its Motion to Dismiss by now questioning the type of mechanism used to send the pre-recorded voice messages. Also this statement clearly shows Defendant's keen awareness of the subtle TCPA issues in this case and their impact on discovery and liability. Further Defendant states Plaintiff:

> alleges that he **received two of those calls on specific dates**, but further alleges that he received 'additional' calls without noting anything else . . . Plaintiff should not be permitted to litigate this case for purported violations of the TCPA unless he can offer some factual allegations.

(Motion pg. 7)(emphasis added.) This statement clearly shows Defendant was made aware of the dates of two specific calls, and was made aware there are other calls as well.

## ARGUMENT

Defendant's understanding of the allegations of the complaint was precise for purposes of the Notice of Removal, but somehow that understanding became limited or indecisive to support this Motion. And ironically, Defendant argues pleading calls made on two "specific dates" are not factual allegations. Defendant's factual arguments for dismissal are therefore suspicious.

Likewise, the arguments Defendant makes from the cases it relies on for dismissal are suspicious too as those cases actually support denying this motion.

### I.  Over Stating *Twombly* – Defendant Has Been Given Sufficient Notice to Begin Investigation and Prepare a Defense

Defendant wants this Court to find that any vagueness which can be read into the complaint supports dismissal pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). However, *Twombly* does not support this contention.

> The Seventh Circuit has emphasized . . . even after the Supreme Court's ruling in *Twombly,* federal courts continue to adhere to a notice pleading standard. *E.g., Tamayo v. Blagojevich,* 526 F.3d 1074, 1083-84 (7th Cir.2008). "A plaintiff must still provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests ...." *Id.* at 1083 (quotation omitted); *see also Limestone Dev. Corp. v. Village of Lemont,* 520 F.3d 797, 803 (7th Cir.2008) (cautioning that *Twombly* should not be over-read because the Supreme Court has not required "heightened fact pleading of specifics") (quotation omitted). This requirement "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of a plaintiff's claims. *Twombly,* 127 S.Ct. at 1965.

*Motorola, Inc. v. Lemko Corp.* 609 F.Supp.2d 760, 764 (N.D. Ill. 2009).  Further, in explaining the standard for a sufficient pleading post *Twombly* the 7th Circuit has stated:

> *Bell Atlantic*'s explicit praise of Form 9 of the Federal Rules of Civil Procedure illustrates that conclusory statements are not barred entirely from federal pleadings. The Court noted that a complaint of negligence in compliance with Form 9 provides sufficient notice to defendants, even though it alleges only that the defendant, on a specified date, "negligently drove a motor vehicle against plaintiff who was then crossing [an identified] highway." *Bell Atlantic,* 127 S.Ct. at 1977; *see also Iqbal v. Hasty,* 490 F.3d 143, 156 (2d Cir.2007). To survive dismissal at this stage, the complaint need not state the respects in which the defendant was alleged to be negligent (i.e., driving too fast, driving drunk, etc.), although such specificity certainly would be required at the summary judgment stage. *Bell Atlantic,* 127 S.Ct. at 1977; *Iqbal,* 490 F.3d at 156. In these types of cases, **the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense.**

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1084-85 (7th Cir. 2008)(emphasis added.)  Based upon Defendant's clear understanding of the issues as reflected in the above quotes, there can be no

3

question Defendant has been given sufficient notice to begin its investigation[1] and begin preparing its defense in anticipation of written discovery and party depositions.

Taking the Motion as a whole Defendant's require a TCPA plaintiff to (1) plead with specificity the equipment a defendant used and (2) plead every detail of every call otherwise the complaint must be dismissed. This is not notice pleading but a heightened form of fact pleading. It is almost impossible for a plaintiff to know the specifics of the equipment a defendant used in a TCPA case until after discovery. In one of the cases cited by Defendant, *Torres v. National Enterprise Systems, Inc.*, 2012 WL 3245520, *3 (N.D. Ill. Aug. 7, 2012), this exact issue was addressed:

> NES argues that the amended complaint lacks sufficient details to plausibly suggest that NES used an automatic telephone dialing system. NES argues that the mere fact that Torres received messages with a pre-recorded voice does not necessarily mean that an automatic telephone dialing system was used. NES, however, is seeking to address **evidentiary issues that are premature** at this juncture. At the summary judgment stage, Torres will need to point to sufficient evidence showing that the manner in which the Phone Calls were made to Torres violated the TCPA. Torres' allegations indicate that an "automatic telephone dialing system or an artificial or prerecorded voice" was used by NES, which is sufficient at this juncture. *Id.* **Nor would it even be reasonable to hold plaintiffs in TCPA cases to the standard proposed by NES since it would be virtually impossible, absent discovery, for any plaintiff to gather sufficient evidence regarding the type of machine used for a communication left on a plaintiff's voicemail. Under such a standard, defendants such as NES would be virtually immune to TCPA claims,** which clearly is not what was intended by Congress in creating the TCPA. *See, e.g., Satterfield,* 569 F.3d at 954. Thus, Torres has stated a valid TCPA claim, and the motion to dismiss the TCPA claim is denied.

(emphasis added.) As such, Defendant's reliance upon *Torres* to support this Motion in point of fact strongly supports denial of this Motion.

---

1  Defendant knows to investigate the calls it placed on the two dates; calls it made to Plaintiff; calls it made to anyone else using the same apparatus used to call Plaintiff; TCPA issues; and facts to support its TCPA defenses. Moreover, if Defendant still demands on pursuing this Motion, Plaintiff demands a stay and leave to discover (1) Defendant's internal investigation following the filing of the complaint and (2) Defendant's counsel's billing records to determine the nature and extent of Defendant's investigation to date.

Astoundingly *other* cases cited by Defendant to support this Motion *also* support denial of this Motion. In *Pimental v. Google Inc.*, 2012 WL 691784, *2 (N.D. Cal. Mar. 2, 2012) the court stated:

> the issue raised here is whether the allegations raise a reasonable inference that a machine with such capabilities could have been used . . . Plaintiffs also allege that the text messages were transmitted *"en masse,* using one common cellular telephone number provided by Defendants." *Id.* ¶¶ 13, 51. Together with the allegation that the Defendants harvested phone numbers, this suggests that the equipment used had the capacity to store numbers and to dial such numbers. Other judges in this District have found the same amount of information plausibly suggested the use of an ATDS. *See Kazemi v. Payless Shoesource, Inc.,* 2010 WL 963225 (N.D.Cal. March 16, 2010).

*Kazemi* is also cited by Defendant to support this Motion and like *Pimental* supports denying this Motion. In *Kazemi* at *2 the court stated:

> scripted in an impersonal manner and sent en masse supports a reasonable inference that the text messages were sent using an ATDS. This is sufficient to meet federal pleading requirements. *See Abbas v. Selling Source, LLC,* No. 09 CV 3413, 2009 WL 4884471, at *3 (N.D.Ill.Dec.14, 2009) (finding similar allegations stated a claim).

Mind-bogglingly Defendant *also* relies upon *Abbas* to support this Motion and *Abbas* at *3-4 further supports denying this Motion:

> Abbas alleges that Selling Sources sent "mass transmissions of wireless spam" to potential customers. *Id.* ¶ 12. Last, there is no indication that Selling Source had any reason to call Abbas's number aside from telemarketing purposes. These allegations flesh out the conclusion above; the court can reasonably infer that Selling Source obtained a license for a SMS short code . . . , Abbas needs only to allege that the equipment that Selling Source used to send him SMS messages had the capacity to produce or store and dial numbers randomly or sequentially.

In *Connolly v. Hilton Grant Vacations Company, LLC*, 2012 WL 2129364, *4 (S.D. Cal. June 11, 2012), also cited for support by Defendant, and again supporting denial of this Motion, the court stated:

> According to Hilton, "Plaintiffs' Complaint provides little information beyond the unsupported conclusion that 'Hilton Grant Vacations used an 'automatic

5

> telephone dialing [system]' as prohibited by [the TCPA].' " (MTD 18, ECF No. 6 (quoting (Compl. ¶ 13, ECF No. 1))) Although this allegation by itself might be insufficient, Plaintiffs supplement it with allegations that support a reasonable inference that Hilton used an automatic system . . . Plaintiffs allege that "[t]he calls had a delay prior to a live person speaking to Plaintiffs or did not even transfer to a live person (resulting in silence on the other end of the phone), indicating that Hilton Grant Vacations placed the calls using an automatic telephone dialing system." (Compl. ¶ 13, ECF No. 1) The Court finds that these allegations "allow[ ] the court to infer the calls were randomly generated or impersonal."

*Torres, Kazemi, Abbas* and *Connolly* together form the rule that a TCPA pleading need only make a reasonable inference that the equipment used has the capacity to produce or store and dial numbers *and does not* need the level of specificity Defendant wants this Court to impose.

In the complaint here Plaintiff alleges Defendant used an automatic telephone dialing system and delivered pre-recorded voice messages without obtaining prior express permission to do so. (Complaint par. 11.) This suffices under this standard. This Court can reasonably infer that since a pre-recorded message was sent, equipment with the capacity to produce or store and dial numbers was used. If this Court requires more specificity, then Plaintiff should be allowed limited and immediate discovery to amend the complaint.

Likewise, Defendant's argument that the details of not just some but all calls is required for a TCPA pleading is not supported by the cases Defendant cites. In *Knutson v. Reply!, Inc.* 2011 WL 291076, *2 (S.D. Cal. Jan. 27, 2011) the allegation of "several calls from Defendant in the six months between March 1, 2010 and the date of the complaint was filed in August" was found to sufficiently allege the specifics of the calls. Here the complaint at Par. 11 states:

> On or about May 9, 2011 and October 24, 2011, Defendant, using an automatic telephone dialing system, called Plaintiff's cellular telephone . . . On information and belief, Defendant made additional [calls]

Surely, "May 9" and "October 24" are sufficient enough, leaving the "additional calls" an issue to pursue in discovery.

Courts that have previously been presented with motions to dismiss TCPA claims on the arguments advanced by Defendant have not dismissed those actions upon those bases.  Here the same result is required.  Plaintiff has pled a TCPA claim with enough specificity to put Defendant on notice of the charge against it.  The issues Defendant grapples with are more appropriate for discovery and summary judgment.

> **II.      Over Stating *Twombly* – The Elements a TCPA Plaintiff Must Plead Are Not Overly Complex**

The cases cited by Defendant echoed the non-complex nature of TCPA cases.  The *Knutson* court stated:

> The only elements Plaintiff must successfully plead are: that Defendant made the call; Plaintiff was charged for the call; and the call was made using any automatic telephone dialing system or an artificial or prerecorded voice.

2011 WL 291076 at *1.  The *Pimental* court stated:

> To state a TCPA cause of action, Plaintiffs must allege the following elements: that (1) a "call" was made; (2) using an "automatic telephone dialing system"; (3) the number called was assigned to a cellular telephone service; and (4) the "call" was not made with the "prior express consent" of the receiving party. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1).

2012 WL 691784 at *2.  Plaintiff has assuredly properly alleged these elements as articulated by these two courts.

As quoted above, the 7th Circuit has stated regarding a motion to dismiss where the case is not overly complex:

> To survive dismissal at this stage, the complaint need not state the respects in which the defendant was alleged to be negligent (i.e., driving too fast, driving drunk, etc.), although such specificity certainly would be required at the summary judgment stage. *Bell Atlantic,* 127 S.Ct. at 1977; *Iqbal,* 490 F.3d at 156. In these types of cases, **the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense.**

7

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1084-85 (7th Cir. 2008)(emphasis added.) Here, Defendant most assuredly understands the claim against it, most assuredly relied upon that understanding to remove the case from state court to federal court, and most assuredly understands the intricacies of the issues to be able to argue in this Motion whether SMS or some other type of equipment must be alleged. There remains no question that Defendant has been put on sufficient notice. Yet Defendant's insistence that *Twombly* prohibits this case from going forward reflects a misinterpretation of *Twombly*. Faced with this exact scenario, other courts have denied such a motion for dismissal.

> Defendants additionally contend that the SAC fails to comply with Federal Rule of Civil Procedure 8(a)(2) by failing to provide enough detail as required by the Supreme Court in *Twombly, supra.* Defendants overstate the reach of *Twombly* and the effect on the notice pleading requirements of Rule 8. Plaintiffs need only put Defendants on notice of the claim against them and need not plead with the level of specificity that Defendants appear to demand. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.,* 536 F.3d 663, 667 (7th Cir.2008). It is apparent from Defendants' brief that they are fully aware of the claim against them, whether or not the claim is viable must be tested at the summary judgment stage and not at the motion to dismiss stage. As such the Motion to Dismiss is DENIED.

*Martin v. Caterpillar, Inc.*, 2008 WL 5082981, *5 (C.D.Ill. 2008).

Plaintiff has alleged two calls from sophisticated dialing equipment as the basis for bringing this claim for TCPA violations. Any ambiguities found in the pleading are matters for discovery.

### III.     Other Courts' Handling of Motions to Dismiss TCPA Complaints

Of course, the standard by which to judge a motion to dismiss is the following:

> A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed.R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice of what the *

8

* * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir.2007) (quoting *Twombly,* 550 U.S. at 555, 569 n. 14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly,* 550 U.S. at 562. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley,* 420 F.3d 673, 677 (7th Cir.2005).

*Vance v. Bureau of Collection Recovery LLC*, 2011 WL 881550, *1 (N.D. Ill. Mar. 11, 2011). In *Vance* Judge Dow denied a motion to dismiss a TCPA pre-recorded call case despite Defendant's urging the complaint failed to properly allege the use of an automated telephone dialing system. *Id.* In so finding Judge Dow stated:

> First, Plaintiff's complaint does not fail to state a claim merely because it uses terminology that differs slightly from the terminology of the statute. See, *e.g. Gustafson v. Jones,* 117 F.3d 1015, 1018 (7th Cir.1997) (pleading certain "magic words" that track the language of a legal theory "is no more necessary than including other legal arguments in the complaint"). In ruling on a motion to dismiss, the court "take[s] all facts alleged in the complaint, *as well as any reasonable inferences from those facts,* in the light most favorable to [the non-moving party]." *Uni\*Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 919 (7th Cir.1992) (emphasis added). It is a reasonable inference from Plaintiff's use of the term "predictive dialers" to believe that she is alleging that Defendant's equipment meets the definition of that prohibited by the TCPA. There may be a material difference between predictive dialers and the type of equipment the statute prohibits. But any such distinction is a matter to be explored through discovery. The specific capabilities of Defendant's equipment is a factual issue and not a proper basis for dismissal.
>
> * * *
>
> Second, Defendant overlooks the fact that the TCPA prohibits the use of "any automatic telephone dialing system *or an artificial prerecorded voice."* § 227(b)(1)(A) (emphasis added). Plaintiff's complaint alleges that when she answered Defendant's calls, "there was a prerecorded voice that answered and told her to hold for assistance." ¶ 12. Taking this fact as true, Plaintiff certainly makes

9

>out a claim under § 227 of the TCPA based on Defendant's use of a prerecorded voice.

*Id.* at *2-3. Also in denying a motion to dismiss a TCPA pre-recorded call case Judge St. Eve stated:

>Viewing these allegations in the light most favorable to Plaintiff, Plaintiff has alleged a violation of § 227. It is important for courts to "read a statute to give effect to each word so as to avoid rendering any words meaningless, redundant, or superfluous" and to avoid readings that would render terms "only surplusage." *Witzke v. Femal,* 376 F.3d 744, 753 (7th Cir.2004). Here, reading the statute as Defendants propose, with a more narrow view to require Plaintiff to specifically allege that Defendants used the equipment's capacity to store or produce telephone numbers using a random or sequential generator would render the phrase "which has the capacity" mere surplusage. Congress included a definition that provides that in order to qualify as an automatic telephone dialing system, the equipment need only have *the capacity* to store or produce numbers. *See Satterfield,* 569 F.3d at 950 ("a system need not actually store, produce or call randomly or sequentially generated telephone numbers, it only need to have the capacity to do it"). Here, Plaintiff included allegations in his complaint sufficient to meet the requirements of an automatic telephone dialing system, and a contrary ruling would render portions of the TCPA meaningless.

*Lazano v. Twentieth Century Fox Film Corp.*, 702 F.Supp.2d 999, 1010-11 (N.D. Ill. 2010). *See also Bates v. I.C. Systems, Inc.*, 2009 WL 3459740, *2 (w.D. N.Y. Oct. 19, 2009)( this is a motion to dismiss, not a motion for summary judgment. In a motion to dismiss, all factual allegations in the complaint are presumed true. In ¶ 35 of the complaint, plaintiff alleges that the defendant called his cellular telephone using artificial and prerecorded messages "without having plaintiff's consent." Because the Court must presume that allegation to be true at this juncture, and because the complaint cites a cognizable cause of action under the TCPA, the defendant's motion to dismiss the plaintiff's second cause of action is denied.)

These additional cases, *Vance, Lazano* and *Bates* provide further support for denying this Motion. The allegations in the complaint, taken as true, meet the pleading requirements for TCPA claims.

**CONCLUSION**

The nuanced issues Defendant claims are evidence of 'failure to state a claim' are really specific TCPA issues more appropriate for discovery. The fact that Defendant recognizes these issues exist in this case supports the conclusion the complaint has put Defendant on notice sufficient to investigate and prepare a defense. The automatic filing of a *Twombly* motion to dismiss whenever a fact issue is seen in a complaint should not be tolerated. That is a waste of the Court's time and resources.

Defendant knows to undertake discovery regarding calls in addition to the May 9, 2011 and October 24, 2011calls. Moreover, Defendant knows to gather information about the specific machines used to make those calls as Plaintiff will be requesting those documents. The cases cited by Defendant equally support denying Defendant's Motion.

WHEREFORE, Plaintiff, CHRISTOPHER JOHANSEN, respectfully asks this Court to deny Defendant VIVINT, INC.'s motion to dismiss pursuant to F.R.C.P. 12(b)(6).

Respectfully submitted,

CHRISTOPHER JOHANSEN, individually and as the representative of a class of similarly-situated persons

By: /s/ Brian J. Wanca
One of Plaintiff's Attorneys


Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501
E-mail: bwanca@andersonwanca.com

Max G. Margulis   #24325
Margulis Law Group
28 Old Belle Monte Road
Chesterfield, MO  63017
Telephone:  (636) 536-7022
Facsimile:    (636) 536-6652
E-mail:  MaxMargulis@MargulisLaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2012 I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to all counsel or record.

                                                                 s/ Brian J. Wanca