IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 7159 |
| | ) | Judge Marvin E. Aspen |
| VIVANT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Christopher Johansen ("Plaintiff" or "Johansen"), individually and on behalf of a proposed class of similarly-situated plaintiffs, filed a one-count complaint against Defendant Vivint, Inc. ("Defendant" or "Vivint"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (2001), in the Circuit Court of Cook County.[1] Defendant timely removed. Presently before us is Defendant's Motion to Dismiss (Dkt. No. 14), filed on October 12, 2012, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, we grant Defendant's Motion to Dismiss.

We draw the following facts directly from the complaint and accept them as true for the purposes of the present motion. On two specific occasions in May and October 2011, Vivint called Johansen's cellular phone number using an automatic telephone dialing system and

---

[1] Plaintiff mentions "common law invasion of privacy" as an additional claim against Vivint. (Compl. ¶¶ 6, 16.) The complaint, however, does not include a separate count for that cause of action. For that reason, although neither party discusses the sufficiency of the complaint in terms this additional claim, if the complaint fails in terms of the TCPA count, then it fails completely.

delivered pre-recorded voice messages without obtaining Plaintiff's permission prior to the calls. (Compl. ¶ 11.) Defendant placed "additional" such calls to Plaintiff at some later date. (*Id.*)

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the factual sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.,* 634 F.3d 901, 903 (7th Cir. 2011). Federal Rule of Civil Procedure 8 requires a plaintiff to include "a short and plain statement of the claim" that entitles him to relief. Fed. R. Civ. P. 8(a)(2). Consequently, a court may grant a motion to dismiss under Rule 12(b)(6) only if the complaint lacks enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1974 (2007)); *Killingsworth v. HSBC Bank Nev., N.A.* 507 F.3d 614, 618–19 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. These requirements ensure that a defendant receives "fair notice of what the . . . claim is

and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (internal citation omitted).

## ANALYSIS

TCPA prohibits calls made to cellular phones using "any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A)(iii). The statute defines the term "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1)(A)–(B).

Defendant argues that Plaintiff: 1) "merely allege[s] legal conclusions about the use of an ATDS that simply mirror the language of the TCPA without providing any supporting factual allegations;" 2) does not specify whether the calls were made via an ATDS or were solely pre-recorded messages; and 3) does not allege "sufficient details regarding each call" he received from Vivint. (Mem. at 4, 6.) As a result, the deficiencies of the complaint fail to put Defendant on notice of the allegations against which it must defend. (*Id.*)

As Defendant's first argument requires some discussion, we dispose of its other arguments first. We do not find Defendant's second and third arguments persuasive. First, the complaint plainly states that Plaintiff received at least two pre-recorded messages delivered to his cellular phone number via an ATDS. (Compl. ¶ 11.) Defendant then is on notice that Plaintiff will seek to prove both that Defendant delivered a pre-recorded message to Plaintiff's cellular phone and that it delivered that pre-recorded message using an ATDS. Defendant is on notice that it will have to defend against both propositions.

Second, Defendant has sufficient notice in regard to the dates of the allegedly offending messages to begin investigating and crafting a defense. Defendant knows that Plaintiff alleges he received two of the messages on May 9, 2011 and October 24, 2011. (Compl. ¶ 11.) Armed with those dates and Plaintiff's full name, it is not unduly burdensome for Defendant to check its own database for the existence, or lack thereof, of calls made to Plaintiff. In addition, whether there were "additional" messages may matter in terms of the damages available to Plaintiff at the conclusion of proceedings, but their existence is not determinative as to the sufficiency of the complaint. Any one call made using an ATDS or any one pre-recorded message violates TCPA if made to a cellular phone. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The fact that Plaintiff specifically alleges at least two occasions on which a violation may have occurred is enough at this stage.

Defendant's first argument, however, merits closer examination. Defendant argues that pleading the use of an ATDS, without providing any other supporting facts, makes the allegation a conclusory statement merely reciting the legal elements of a TCPA claim. (Mem. at 4.) We agree.

The plausibility of a complaint is context-specific to each legal claim. *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950; *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). Although there is no Supreme Court or Seventh Circuit guidance in regard to the plausibility of claims under TCPA, a multitude of district court cases address this point. The cases fall within three general categories. The first set of cases hold that reciting the statutory definition of an ATDS in the complaint suffices and that the validity of that claim is an evidentiary matter premature for a motion to dismiss. *See, e.g., Torres v. Nat'l Enter. Sys., Inc.*, No. 12C2267, 2012 U.S. Dist. LEXIS 110514, at *10 (N.D. Ill Aug. 7, 2012) ("[I]t would be virtually impossible, absent

discovery, for any plaintiff to gather evidence regarding the type of machine used for a communication left on a plaintiff's voicemail."); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1010 (N.D. Ill. 2010). The second set of cases denied a defendant's motion to dismiss on the basis of the plaintiff's recitation of the statutory language plus additional allegations indicating the reasons for the plaintiff's belief, without deciding explicitly whether solely repeating the language of the statute would suffice. *See, e.g. Vance v. Bureau of Collection Recovery, LLC*, No. 10C6324, 2011 U.S. Dist. LEXIS 24908, at *2 (N.D. Ill. Mar. 11, 2011) (holding in favor of plaintiff when her allegations included that she heard a "pre-recorded voice" that "told her to hold for assistance" and that defendant's website stated it had a "top of the line . . . predictive dialing system"); *see also Strickler v. Bijora, Inc.*, No. 11C3468, 2012 U.S. Dist. LEXIS 156830, at *7–8 (N.D. Ill. Oct. 30, 2012) (holding in favor of plaintiff by inferring that a text message was sent en masse due to its generic content); *Martin v. Leading Edge Recovery Solutions, LLC*, No. 11C5886, 2012 U.S. Dist. LEXIS 112795, *16 (N.D. Ill. Aug. 10, 2012) (holding in favor of plaintiff when his allegations included that defendant called him using an ATDS with numbers "pre-loaded in batches" and an exhibit of defendant's application to register an "automatic dial announcing device").

The third set of cases stated expressly that repeating the language of the statute, without any accompanying factual allegations, would not suffice. *See, e.g., Abbas v. Selling Source, LLC*, No. 09C3413, 2009 U.S. Dist. LEXIS 116697, *13 (N.D. Ill. Dec. 14, 2009); *see also Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) ("As an isolated assertion, it is conclusory to allege that messages were sent using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called,

using a random or sequential number generator." (internal quotation omitted)). Cases in the last category have found complaints facially plausible based on the additional factual allegations made by plaintiffs. *See, e.g., Connelly v. Hilton Grand Vacations Co., LLC*, No. 12C599, 2012 U.S. Dist LEXIS 81332, at *13 (S.D. Cal. June 11, 2012) (holding that alleging there was "a delay prior to a live person speaking to Plaintiffs or [no] transfer to a live person" gives rise to a reasonable inference that defendant used an ATDS, even though recitation of the statutory language alone might not have done so).

In this case, Plaintiff provides no information about the two messages he allegedly received from Vivint other than stating that Vivint left pre-recorded messages on his cellular phone using an ATDS. (Compl. ¶ 11.) Without enhancing his complaint with anything more than the language already available in the statute, Plaintiff provides only a threadbare, "formulaic recitation of the elements" of a TCPA cause of action, which is not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 678, 680, 129 S. Ct. at 1949–51; *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965–66; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).[2] Use of an ATDS and the pre-recorded nature of the messages are not legal conclusions, they are facts. Still, when a fact is itself an element of the claim, as is the case here, it is not sufficient to recite that fact verbatim without other supporting details.

---

[2] As the Seventh Circuit has explained,

> We understand the Court in *Iqbal* to be admonishing those plaintiffs who merely parrot the statutory language of the claims they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, that they must do more. These are the plaintiffs who have not provided the "showing" required by Rule 8.

*Brooks,* 578 F.3d at 581.

On the contrary, a plaintiff must supply enough additional, independent facts "to raise a reasonable expectation that discovery will reveal evidence" of the alleged misconduct. *Twombly,* 550 U.S. at 556, 127 S. Ct. at 1965. For example, a TCPA plaintiff could describe the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the "person" calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was pre-recorded or delivered via an ATDS. Plaintiff does not do so in the present case and may not rely on the discovery process to cure such deficiencies in his complaint. *See id.* at 559, 127 S. Ct. at 1967.

We agree that it is unreasonable to require a plaintiff in a TCPA complaint, without the benefit of discovery, to elaborate on the specific technical details of a defendant's alleged ATDS, such as what type of machines were used to make a call or how those machines functioned. *See Torres*, 2012 U.S. Dist. LEXIS 110514, at *10. It is not unreasonable, however, to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the ATDS. *See, e.g., Vance*, 2011 U.S. Dist. LEXIS 24908, at *2, 7. This approach does not burden plaintiffs unduly by requiring pleading of technical details impossible to uncover without discovery, rather it necessitates that they plead only facts easily available to them on the basis of personal knowledge and experience. At the same time, it gives fair notice to defendants by "distinguish[ing] the particular case that is before the court from every other hypothetically possible case" under TCPA, *Swanson v. Citibank*, 614 F.3d 400, 404 (7th Cir. 2010), and avoids the potential abuse of the discovery process to pressure defendants into

settling weak cases. *See Twombly,* 550 U.S. at 559, 127 S. Ct. at 1967; *Swanson*, 614 F.3d at 405. This approach balances the requirements of liberal pleading for plaintiffs and fair notice to defendants underpinning our legal system.

**CONCLUSION**

For the reasons set out above, we grant Defendant's Motion to Dismiss without prejudice and grant Plaintiff leave to amend. If he chooses, Plaintiff may file an amended complaint consistent with this order no later than January 31, 2013. It is so ordered.

_____
Honorable Marvin E. Asper
U.S. District Court Judge

Dated: December 18, 2012