THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHANSEN, individually and as the representative of a class of similarly-situated persons, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 12-CV-7159 |
| v. | ) ) | Hon. Marvin E. Aspen |
| VIVINT, INC., a Utah corporation, | ) ) ) | |
| Defendant. | ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff, CHRISTOPHER JOHANSEN ("Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through his attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant VIVINT, INC., ("Defendant"):

**PRELIMINARY STATEMENT**

1. This case challenges Defendant's policy and practice of using an automatic telephone dialing system or an artificial or prerecorded voice to place calls to cellular telephones, which invades the privacy rights of recipients and violates the law.

2. Defendant utilized an automatic telephone dialing system or an artificial or prerecorded voice to place calls to numbers assigned to cellular telephone service, including numbers assigned to cellular subscribers like Plaintiff and members of the Class.

3. Defendant knew or should have known that the calls were being placed to cellular telephone line subscribers like Plaintiff.

4. Defendant had the ability to know that the calls were being placed to cellular telephone line subscribers like Plaintiff.

5. Defendant knew or should have known that they were utilizing an automatic telephone dialing system or artificial or prerecorded voice to deliver calls to numbers assigned to cellular subscribers, like Plaintiff, who had not provided prior express permission or invitation.

6. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the Telephone Consumer Protection Act, 47 USC § 227 ("TCPA"), and for common law invasion of privacy.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

8. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 because Defendant is a nonresident. Venue is also proper in Cook County pursuant to 735 ILCS 5/2-102 because Defendant does business in Cook County.

## PARTIES

9. Plaintiff, CHRISTOPHER JOHANSEN is an individual residing in Illinois.

10. Defendant, VIVINT, INC., is a corporation formed and existing under the laws of the State of Utah, and registered to do business as a foreign limited liability company in the State of Illinois.

## FACTUAL ALLEGATIONS

2

11. Plaintiff has maintained cellular telephone service from Verizon for the cellular telephone number 708-932-8182.

12. On or about May 9, 2011 and October 24, 2011, Defendant, using an automatic telephone dialing system, called Plaintiff's cellular telephone number and delivered pre-recorded voice messages without obtaining Plaintiff's prior express permission to do so. On information and belief, Defendant made additional using an automatic telephone dialing system, called Plaintiff's cellular telephone number and delivered a pre-recorded voice message without obtaining Plaintiff's prior express permission to do so.

13. Plaintiff recognized the calls as using an automated telephone dialing system because there was a significant delay after Plaintiff answered each call before the recorded message began. In addition, the voice tone and background noise on the calls sounded pre-recorded, as opposed to a live voice. The pre-recorded voice sounded identical for all the calls, Plaintiff tried to talk over the pre-recorded calls which had no affect, and at the end of the pre-recorded calls when Plaintiff did not speak there was an electronic sounding voice that said "Are you still there?" and repeated that until Plaintiff responded he was there and then the call was switch to a real live operator.

14. Upon information and belief, and as informed by counsel's investigation, the use of a call that delivers an automated prerecorded message is also indicative of the use of other automated equipment during the call, and particularly the use of an automated telephone dialing system to dial such a call.

15. Upon information and belief, and as informed by counsel's investigation, it is wholly inconsistent with common teleservices practices, and with common sense, to make a call of an automated nature by delivering a prerecorded message unless an automated device also

dialed the call. By their very definition, use of automated telephone dialing systems such as predictive dialers and prerecorded message delivery systems are higher efficiency calling mechanisms than the use of live persons and manual dialing. This particularly true in the practice of "lead generation" where the automated systems are used as a screening mechanism to contact large numbers of consumers, and then only pass along those consumers who demonstrate interest (a "lead") to the next level where they are permitted to talk to a live person.

16. Upon information and belief, and as informed by counsel's investigation, the automated telephone dialing system used by Defendants was one or more devices that had the capacity to dial numbers from a list without human intervention, and when paired with certain software, had the capacity to store or produce numbers produced by a random or sequential number generator, and dial those numbers at random, in sequential order, or from a database of numbers.

17. Defendant knew or should have known that it delivered a prerecorded message to Plaintiff's cellular telephone, and that Defendant did not have the prior express consent of Plaintiff to make such telephone contact.

18. Defendant approved, authorized and participated in a scheme to use an automatic telephone dialing system and/or prerecorded messages, called cellular telephone numbers and deliver a pre-recorded voice message by: (a) directing a list of cellular telephone numbers to be purchased, compiled or assembled; (b) directing and supervising employees or third parties to use an automatic telephone dialing system, called cellular telephone numbers and deliver the pre-recorded voice message; (c) creating and approving the form and content of the pre-recorded voice message to be delivered; and (d) determining the number and frequency of the calls.

19. Defendant made calls using an automatic telephone dialing system and/or pre-recorded voice messages believing that such calls complied with all applicable laws.

20. Defendant failed to correctly determine the legal restrictions on the use of an automatic telephone dialing system to call cellular telephone numbers and deliver pre-recorded voice messages, and the application of those restrictions to the calls, generally, and specifically as to Plaintiff.

21. Defendant's conduct directly and proximately resulted in damage to Plaintiff, specifically causing destruction of or interference with Plaintiff's exclusive use of Plaintiff's property, interference with Plaintiff's business or personal communications, and invading Plaintiff's right of privacy to be left alone and maintain his seclusion.

22. On information and belief, Defendant has initiated the same or substantially similar telephone calls to at least 39 other cellular telephone targets. Defendants did not seek or obtain the prior express consent of the 39 other targets.

## COUNT I

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

23. Plaintiff restates, realleges, and incorporates by reference preceding Paragraphs 1 to 16 as if fully set forth herein as Paragraph 17.

24. The Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity within the United States from using an auto dialer or an artificial or pre-recorded voice to deliver a message to cellular telephone numbers. The TCPA was enacted to protect privacy rights. The TCPA provides a private right of action for violations and provides for liquidated statutory damages of $500 per violation.

25. Further, 47 U.S.C. § 227(b)(3) provides a private right of action to Plaintiff for Defendant's violation. Said section states:

> A person or entity may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

The Court, in its discretion, can treble the statutory liquidated damages award if it finds the TCPA violation was knowing.

26. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if their actions were only negligent.

27. In accordance with 735 ILCS 5/2/801, Plaintiff brings this action pursuant to the TCPA, on behalf of the following class of persons:

> All persons in the United States who, on or after four years prior to the filing of this Complaint, were called on a cellular telephone line by use of an automatic telephone dialing system or an artificial or pre-recorded voice by or on behalf of Defendant, and with respect to whom Defendant cannot provide evidence of prior express consent of the called party.
>
> Excluded from the class are members of the judiciary, counsel for the Plaintiff, and the officers, directors, and employees of Defendant.

28. A class action is warranted and proper in that:

(a) The class is so numerous that joinder of all members is impracticable.

Plaintiff will be able to ascertain the number of class members through discovery.

  (b) There are common questions of fact or law that predominate over questions affecting only individual class members, including without limitation:

    (i) Whether Defendant engaged in a pattern of using an automatic telephone dialing system to call telephone numbers assigned to cellular telephone service;

    (ii) Whether the calls by Defendant to cellular telephone numbers contained an artificial or pre-recorded voice message;

    (iii) Whether Defendant placed calls to cellular telephone numbers using an automatic telephone dialing system or pre-recorded voice messages without obtaining the recipients' prior consent for the call;

    (iv) Whether Defendant violated the provisions of 47 U.S.C. § 227; and

    (v) Whether Plaintiff and the other class members are entitled to statutory damages.

  (c) Plaintiff's claims are typical of the claims of the other class members. Plaintiff's claims and those of the other class members arise out of the same actions and course of conduct of Defendant in making calls to cellular telephones without prior express permission or invitation.

  (d) Plaintiff will fairly and adequately protect the interests of the other Class members. Plaintiff's counsel is experienced in handling class actions and claims involving violations of the TCPA. Neither Plaintiff nor Plaintiff's counsel has any interests adverse to or in conflict with the absent Class members. Plaintiff has interests in common with the proposed Class members and Plaintiff and his counsel will prosecute the case. Plaintiff has the same claim for damages as the other Class members, and Plaintiff and the other Class members can recover the same statutory liquidated damages.

  (e) The common questions predominate over individual questions.

(f) A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

29. Defendant's actions, as alleged herein, violate 47 U.S.C. § 227(b)(1)(A)(iii) which makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

30. Defendant's calls to the cellular telephones of Plaintiff and other members of the class were not initiated for any emergency purpose and are not exempted by rule or order by the Federal Communications Commission.

31. Neither Plaintiff nor the other members of the Class gave prior express consent to Defendant to receive the calls.

32. Defendant's actions in placing calls to Plaintiffs and the other members of the Class violated their right to privacy.

33. Defendant violated the 47 U.S.C. § 227 et seq. by initiating telephone calls to cellular telephone numbers using an automatic telephone dialing system and/or an artificial or pre-recorded voice to deliver messages without the prior express consent of the called party, including Plaintiff and the other members of the Class.

34. Plaintiff and the other members of the class are entitled to recover the statutory liquidated damages that Congress has assigned and prescribed in the TCPA for the statutory privacy violations complained of herein.

35. Plaintiff seeks an award of statutory liquidated damages of $500.00 for each TCPA violation on behalf of himself and the Class.

36. Plaintiff also seeks entry of an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action.

**WHEREFORE**, Plaintiff, CHRISTOPHER JOHANSEN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, VIVINT, INC., as follows:

(A) That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as representative of the class, and appoint Plaintiff's counsel as counsel for the class;

(B) That the Court award the sum of $500.00 in statutory liquidated damages for each TCPA violation;

(C) That the Court award trebled damages of $1,500.00 for each TCPA violation if the Court finds the TCPA violations to be willful or knowing;

(D) That the Court enter an injunction prohibiting the Defendants from engaging in the statutory violations at issue in this action;

(E) That the Court award attorneys' fees and costs, and such further relief as the Court may deem just and proper, but in any event, not more than $74,999.99 per individual class member, inclusive of all damages and fees; and

(F) That the Court award pre-judgment and post-judgment interest at the statutory rate.

Respectfully submitted,

CHRISTOPHER JOHANSEN, individually and as the representative of a class of similarly-situated persons

By: s/ Brian J. Wanca

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501
E-mail: bwanca@andersonwanca.com

Max G. Margulis #24325
Margulis Law Group
28 Old Belle Monte Road
Chesterfield, MO 63017
Telephone: (636) 536-7022
Facsimile: (636) 536-6652
E-mail: MaxMargulis@MargulisLaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 30, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to all counsel or record.

                                                s/ Brian J. Wanca